STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. PAUL
GIBBONS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 19, 1985—Decided June 26, 1985.

Before Judges KING, DEIGHAN and BILDER.

*Joseph H. Rodriguez,* Public Defender of New Jersey, attorney for appellant (*Stephen C. Orosz,* Designated Counsel, of counsel and on the brief).

Appellant filed a brief *pro se.*

*Joseph A. Fusco,* Atlantic County Prosecutor, attorney for respondent (*Jack R. Martin,* Assistant County Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

KING, P.J.A.D.

The defendant claims that the judge improperly permitted the jury to use three prior theft-related convictions to evaluate his predisposition to sell drugs. Defendant was charged in an eight-count indictment with possession and distribution of drugs, methamphetamine and heroin. Entrapment was the defense. He was tried by a jury and convicted of six counts—possession (2), possession with intent to distribute (2) and distribution of methamphetamine (2), in violation of Title 24. The heroin counts were dismissed.

The offenses occurred on November 22 and 23, 1981. The State's case was based on sales to an undercover officer on these days. Defendant was sentenced on merged counts 1, 2 and 3 to a term of six years in the State Prison and on merged counts 4, 5 and 6 to a concurrent six-year term in State Prison.

The sole point on this appeal is the alleged prejudicial error in charging the jury that prior theft-related criminal convictions could be used to infer a predisposition to commit the crimes of distribution of methamphetamine charged in counts 2, 3, 5 and 6 of the indictment and thus to blunt the defense of entrapment.

Initially, there was a *Sands* hearing, *State v. Sands,* 76 *N.J.* 127 (1978), after which the judge permitted three prior convictions—one in 1972 for receiving stolen property, a second in 1975 for larceny and breaking and entering, and a third in 1976

for receiving stolen property—to be used on the issue of credibility alone. The defendant then testified and interposed the defense of entrapment. In his charge the judge told the jurors that since entrapment had been raised by the defendant, they could consider the prior convictions to evaluate the defense of entrapment, *i.e.*, for the purpose of determining whether the officer or informant actually caused defendant to commit the crime, or whether defendant was a predisposed person ready to commit the crime with minimal inducement.

The charge was as follows

On the other hand, the state through cross-examination and its own witnesses has introduced evidence to demonstrate, if you believe it, that the defendant was not an innocent person who would not have committed the offense were it not for the inducement of the law enforcement officer. Therefore, for this purpose the Court has permitted to be introduced for your consideration evidence of previous convictions of crime and evidence intended to prove ready compliance by the defendant with minimal inducement or easily yielding to the opportunity to commit the offense to prove the defendant's predisposition to commit the offense. Whether that evidence of prior convictions, and here I am going back just a moment. I told you earlier that prior convictions could only be used for the purpose of effecting credibility. In this particular case in view of the fact that entrapment has been raised as a defense, you may consider those prior convictions to evaluate the defense of entrapment which has been raised by the defendant for the purpose of determining whether or not the officer or informant actually caused the defendant to commit the crime, or whether he was in fact a person who was ready to commit the crime with minimal inducement. And you may consider those prior convictions to assess the defense of entrapment.

The question then is whether prior convictions for unrelated offenses of a different nature than those charged in the indictment can be used to show criminal predisposition for the offense charged.

The State stresses that these three theft-related prior convictions over a four-year period were significant criminal violations for which defendant had been incarcerated each time and which demonstrated a predisposition to a criminal lifestyle consistent with selling drugs. Thus, says the State, these convictions were properly used to show a dishonest and criminal predisposition, even though not specifically related to narcotics trafficking. The State stresses that it produced substantial evidence

tending to show defendant's predisposition to use and sell drugs. The amount defendant admitted possessing, 2.5 grams of "speed," was itself consistent with a scheme of distribution rather than a mere "accommodation" sale by a chronic user to a new found "friend" or possession for personal use alone.

In his work *Robinson, Criminal Law Defenses*, § 209(c)(1) at 516–517 (1984), Professor Robinson has pinpointed the problem this way.

> Where a jurisdiction adopts a subjective entrapment defense that is limited to those who are not predisposed to commit the offense, evidence of the defendant's prior and subsequent involvement in similar criminal activity is relevant to his predisposition and therefore admissible. If the defense is to be unavailable to one who has shown *any* criminal predisposition, all previous offenses may properly be admissible. But if the concern is the defendant's predisposition to commit the specific offense at hand, a court must make the more difficult balance between the probative value of unrelated criminal acts to the defendant's predisposition to commit the offense charged and their possible prejudice to the defendant.

We have found no particularly persuasive case law on the question and agree that fairness in the particular case should be controlling. We are thus confronted with "the more difficult balance" described between the probative value of the dissimilar criminal acts shown by the prior convictions and the possible prejudice to the defendant.

Defendant relies extensively on *State v. Stein*, 70 *N.J.* 369, 391–393 (1976), a case which we do not find pertinent in the circumstance. As Judge Conford then stated: "New Jersey stands with the federal entrapment cases restricting the defense to those accused who have no predisposition to commit the crime induced by the government agents." *Ibid.* In *Stein* the State attempted to "point to the induced act as the self sufficient proof of predisposition." If this were permitted "little would be left" of the defense. The State's point failed in *Stein* as the evidence offered was not proof of "prior activity" within the meaning of the entrapment defense and because there was no proof that the criminal "project was other than a single aberrant episode in defendant's life." *Ibid.*

The general principles of proof of predisposition were stated in *State v. Talbot*, 71 *N.J.* 160, 167 (1976), in this way

> Ordinarily a defendant's predisposition to commit the crime is a relevant factor when the defense of entrapment is raised. As was said in *State v. Dolce, supra*, 41 *N.J.* [422] at 433 "[p]redisposition is evidenced by previous conviction of crime, reputation for criminal activities, ready compliance with minimal inducement, or easy yielding to the opportunity to commit the offense."

The seminal case of *Sorrells v. United States*, 287 *U.S.* 435, 451–452, 53 *S.Ct.* 210, 216, 77 *L.Ed.* 413 (1932), says that a defendant "cannot complain of an appropriate and searching inquiry into his own conduct and predisposition." *See also State v. Rockholt*, 96 *N.J.* 570, 579–581 (1984), and *N.J.S.A.* 2C:2–12.

In assessing the "difficult balance" described by Professor Robinson, we conclude that the three theft-related crimes for which defendant was convicted between 1972 and 1976, which brought successively a county jail, a reformatory and then a State Prison sentence, were properly before the jury to show criminal predisposition. The prior convictions were known to the jury in any event, even if not pertinent to the defense of entrapment, because defendant had testified and they were properly in evidence for testing his credibility under *Sands* and *N.J.S.A.* 2A:81–12.

The prior convictions all involved dishonesty and theft, crimes familiar to the drug milieu. They extended over a significant period of time, four years, and each was regarded as serious enough to draw a custodial sentence. There also was ample evidence of defendant's pattern of drug use in the record. The State showed he previously had given the informant marijuana. Defendant told the undercover agent that he was prepared to sell him amounts of "speed" of up to an ounce for $1,000. The sale on November 23 was for $180. During the negotiations defendant quoted various prices to the undercover agent and discussed methods of profitable marketing with him. Defendant had a significant amount of speed, 2.4 grams, and 37 small plastic bags on his person when arrested. His contention that

he used the drug as a "pain-killer" was essentially uncorroborated.

The doctrine of entrapment "reflects a policy that the powers of government should not be used to entice otherwise innocent persons into the commission of crimes which they would not commit on their own." *Dolce*, 41 *N.J.* at 432. We do not think that the opportunity for use of the three prior theft-related convictions was so irrelevant to defendant's disposition to sell drugs that their unlimited admissibility could have unfairly tipped the scales against him in the circumstance of this case. Any fair analysis of the evidence suggests that defendant was targeted because he was a suspected dealer, not because the government wanted to manufacture a crime to trap an unwitting victim through egregious police action. *Cf. State v. Talbot*, 71 *N.J.* 160, where the State's informant supplied the heroin to be sold by defendant to the undercover officer. In the case before us the jury had the full picture of defendant's transactions with the undercover agent before it to evaluate. Knowledge of the defendant's criminal background was a sensible tool for the jury to use to analyze his motive and conduct. The issue before us is not unlike the basic question of admissibility under *Sands*. The decision on admissibility "rests within the sound discretion of the trial judge" and "his discretion is a broad one." *Sands*, 76 *N.J.* at 144. We find no abuse of discretion in the judge's ruling that the prior record was relevant on both credibility and predisposition.

In his *pro se* brief defendant raises several claims of ineffective assistance of counsel. He asserts counsel should have (1) demanded disclosure of the informant, (2) interviewed the informant before trial, and (3) obtained medical records pertinent to the defense. We cannot evaluate these claims on this record. *See Strickland v. Washington*, 466 *U.S.* ——, 104 *S.Ct.* 2052, 80 *L.Ed.*2d 674 (1984). They may be raised in a petition for post-conviction relief. *R.* 3:22; *State v. Walker*, 80 *N.J.* 187, 194 (1979).

Affirmed.